### 36207. CLARK *et al. v.* PAYNE.

DECIDED JULY 5, 1956.

*H. Dale Thompson, Currie & McGhee,* for plaintiff in error.
*Jones & Douglas,* contra.

FELTON, C. J. The claimant was a milk routeman. On April 11, 1955, while making his rounds he attempted to get out of his truck while carrying a case of milk and he slipped and fell against the truck, injuring his back. He reported the incident to his employer who suggested that the claimant see a Dr. Bell. The claimant was treated by Dr. Bell who diagnosed and treated a lumbo-sacral strain. Dr. Bell examined the claimant for a "herniated or ruptured intervertebral disc" but could not discover one, so he sent the claimant to the Veterans' Administration Hospital in Dublin because that hospital had a good neuro-surgeon on its

staff and Dr. Bell thought that possibly this specialist could find something that he himself could not discover.

Dr. J. W. Stapleton was a member of the staff at the Veterans' Administration Hospital. He had special orthopedic training and his practice at the Veterans' Administration Hospital was primarily in orthopedic work. The claimant was admitted to the Veterans' Administration Hospital on about September 27, 1955, and had been a patient there ever since. Dr. Stapleton examined the claimant shortly after he was admitted and diagnosed a herniated nucleus pulposis, tentative. The claimant's treatment consisted of "physiotherapy, medication, tolsorol, that is a drug, thorocin and back exercises." The claimant was still undergoing that treatment at the time of the hearing. Dr. Stapleton testified: "Q. Do you feel that the man at the present time is physically able to engage in work for which he is qualified to perform, physical labor? A. Well, it would be doubtful if he could do physical labor, I mean at present. Of course if he improves, which he has done somewhat since he has been there he might be able to."

There was evidence to authorize the finding for the claimant.

The plaintiff in error contends that the evidence demanded a finding that the claimant was not injured as claimed but that he was a malingerer. Dr. Bell testified that he would not make a positive statement that the claimant was a malingerer but he could not find enough physical evidence to support the amount of pain complained of, "that pain don't usually get progressively better and automatically get progressively worse." It also appeared that the claimant had worked at a service station during June and July, 1955, and worked without any apparent defect. During the period of the alleged disability the claimant had applied for a job at a dairy and had also applied for unemployment compensation stating that he was ready, willing and able to go to work. However, all this does not dispel Dr. Stapleton's testimony concerning the claimant's disability and was satisfactorily explained by his testimony concerning the nature of a herniated disc: "You can have a relapse with a disc, that is not an uncommon thing at all. In fact, that is a characteristic. You may have an acute attack this month, get over it in two or three days and feel better and six months later or three months later it may hit you again. None of them are typical, so to speak, clear cut."

There being evidence to authorize the award the court did not err in affirming the full board's award.

Judgment affirmed. *Quillian and Nichols, JJ., concur.*